IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| TINA BOYD,                             )<br>                                       )<br>    Plaintiff,                         )<br>                                       )<br>    v.                                 )<br>                                       )<br>KOCH FOODS OF ALABAMA, LLC,            )<br>                                       )<br>    Defendant.                         ) | CIVIL ACTION NO.<br>2:11cv748-MHT<br>       (WO) |

OPINION AND ORDER

Plaintiff Tina Boyd claims that defendant Koch Foods of Alabama, LLC, engaged in employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981, and committed various state torts when it terminated her.  This court has jurisdiction under 28 U.S.C. §§ 1331 & 1367 (federal question and supplemental).  This case is now before the court on Boyd's oral motion to extend the time for service of process on Koch.  For the reasons that follow, Boyd's motion will be granted.

I. Procedural History

Initially proceeding pro se, Boyd filed her complaint in the United States District Court for the Eastern District of North Carolina. The original complaint and summons were served by certified mail to Koch's corporate headquarters. However, the service was not directed at any particular officer, agent, or individual.

Koch challenged the action on several grounds. Most significantly for present purposes, Koch alleged insufficiency of service of process because the certified mail was not addressed to an appropriate corporate agent. See Fed. R. Civ. P. 4(h)(1). While the motion to dismiss was pending, Boyd moved to transfer the case to this court, the United States District Court for the Middle District of Alabama. The transfer motion was granted, and the motion to dismiss was left unresolved.

On September 23, 2011, after transfer of Boyd's case to this district, this court denied Koch's dismissal

motion with leave to renew, noting that, "It appears that ... the magistrate judge may be able to resolve, informally at a status conference, the .... issues raised by the motion."  On October 26, 2011, Boyd, by then represented by counsel, filed an amended complaint in this court.  Koch filed another motion to dismiss, renewing its service-of-process challenge and noting that the deadline had passed by which to complete service-of-process.

During a November 15, 2011, conference call, Boyd's counsel conceded that service of process was deficient because the certified mail was not addressed to a particular corporate agent.  However, Boyd's counsel made an oral motion to correct service of process by November 21, an extension of approximately eleven months from the original deadline.  By order entered on November 17, the court, first, set Boyd's November 15 oral extension motion for submission on November 18, with parties to file briefs by that date, and, second, denied Koch's

renewed dismissal motion with leave to renew again after resolution of Boyd's oral extension motion.  The court understands that Boyd has since complied with the November 21 deadline and corrected service of process.

As stated, this case is now before the court on Boyd's November 15 oral motion for extension of time.  Koch objects to the deadline extension.*

II.  Standard for Extension of Time

Federal Rule of Civil Procedure 4(m) establishes a deadline for service of process: 120 days after the complaint is filed.  As her complaint was filed on August

---

*In an order entered on November 21, 2011, the court required that Boyd "show cause, if any there b[e], in writing by November 28, 2011, as to whether there is 'good cause' under Fed. R. Civ. P. 4(m) to extend the service-of-process deadline ..., and why the motion to dismiss on insufficiency of service-of-process grounds filed by defendant Koch Foods of America, LLC (Doc. No. 38) should not be granted."  The court incorrectly treated Koch's renewed dismissal motion as still pending.  The only pending motion going to issue of service of process is Boyd's November 15 oral extension motion; the court was expressly seeking, with the November 21 order, to find out if Boyd had "good cause" under Rule 4(m).

31, 2010, Boyd had until December 29, 2010, to serve Koch. However, the 120-day window is not set in stone. Under Rule 4(m), a district court may extend the service-of-process deadline.

Rule 4(m) states, in pertinent part, that: "If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Rule 4(m) has mandatory and discretionary components. "If good cause is present, the district court <u>must</u> extend time for service. If good cause does not exist, the court <u>may</u>, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." <u>Thompson v. Brown</u>, 91 F.3d 20, 21 (5th Cir. 1996) (emphasis in original).

The first step in the Rule 4(m) inquiry is to make a good-cause determination, as a finding of good cause mandates an extension of time.  Good cause under Rule 4(m) exists "only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service."  <u>Prisco v. Frank</u>, 929 F.2d 603, 604 (11th Cir. 1991) (per curiam) <u>superceded by rule as stated in</u> <u>Horenkamp v. Van Winkle & Co., Inc.</u>, 402 F.3d 1129, 1132 n.2 (11th Cir. 2005).  Thus, a simple "mistake" in effectuating service of process is not "good cause" under Rule 4(m).  <u>Horenkamp</u>, 402 F.3d at 1130.

But this does not end the analysis.  "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause."  <u>Id</u>. at 1132.  The Eleventh Circuit Court of Appeals has mandated that a district court examine not only "good cause" arguments but also whether "any other circumstances warrant an extension of time based on the facts of the case" before denying or

granting an extension. Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). These "other circumstances" include whether a litigant is proceeding pro se, see Fed. R. Civ. P. 4 Advisory Comm. Notes 1993, and whether "the applicable statute of limitations would bar the refiled action." Boston v. Potter, 185 F. App'x 853, 854 (11th Cir. 2006) (per curiam).

## III. Discussion

Koch objects to Boyd's motion for extension of time, citing cases where the district court, in its discretion, dismissed the complaint for failure to serve the defendant. Koch asserts that Boyd has not shown any good cause for an extension. Koch also notes that, while Boyd's Title VII claims are likely time-barred, she could re-file her § 1981 claim, which has a four-year statute of limitations.

Boyd's attorney argues that the good cause for extending the deadline was that the case proceeded pro se until October 2011. Boyd further submits that Koch has not been prejudiced by the insufficient service of process, as it has long had notice of the claims against it.

Here, the court cannot find "good cause" to extend the service-of-process deadline. Although Boyd was proceeding pro se, her error in not addressing the summons and complaint to an appropriate Koch corporate officer is a mistake. Because Boyd cannot rely on an "outside factor" to explain her failure to follow the service-of-process requirements, there is no good cause to extend the Rule 4(m) deadline. Prisco, 929 F.2d at 604.

Nevertheless, the court has discretionary authority to grant an extension of time. Several factors warrant consideration.

8

First, Boyd filed this case pro se and only retained counsel in October 2011. The vast majority of the delay is attributable to a pro se litigant not understanding the intricacies of the federal rules and to whom to address service. Protections for pro se litigants are embedded in Rule 4. The Advisory Committee Notes give the example of a delay caused by a pro se litigant's <u>in forma pauperis</u> petition as a reason for extending time. <u>See</u> Fed. R. Civ. P. 4 Comm. Notes 1993. "Although not binding, the interpretations in the Advisory Committee Notes 'are nearly universally accorded great weight in interpreting federal rules.'" <u>Horenkamp</u>, 402 F.3d at 1132 (quoting <u>Vergis v. Grand Victoria Casino & Resort</u>, 199 F.R.D. 216 (S.D. Ohio 2000)). The Committee Notes, therefore, provide persuasive authority for excusing Boyd's mistake.

Second, and relatedly, Boyd corrected service promptly once represented by counsel. Within six weeks of retaining counsel, Boyd properly served Koch.

9

Third, Koch was on notice of the case against it. Indeed, Koch was fully informed of Boyd's claims, entered an appearance, and filed numerous motions. Koch cannot claim any prejudice from Boyd's error. <u>Cf</u>. <u>Jordan v. United States</u>, 694 F.2d 833, 836 (D.C. Cir. 1982) (per curiam) (noting that dismissal is disfavored when the "necessary parties in the government have actual notice of a suit, suffer no prejudice from a technical defect in service, and there is a justifiable excuse for the failure to serve properly").

Fourth, Boyd's Title VII claims are likely time barred if the complaint is dismissed. A plaintiff must file their complaint within 90 days of the Equal Employment Opportunity Commission's issuance of its right-to-sue letter. <u>Santini v. Cleveland Clinic Fla.</u>, 232 F.3d 823, 825 (11th Cir. 2000) (per curiam). This time period has clearly passed. Accordingly, the court may take this factor into consideration when granting an extension under Rule 4(m). <u>See</u> <u>Boston</u>, 185 F. App'x at

10

854; Fed. R. Civ. P. 4 Advisory Comm. Notes 1993 (noting that "relief may be justified ... if the applicable statute of limitations would bar the refiled action").

The court, therefore, will exercise its discretionary authority under Rule 4(m) by extending the deadline for service-of-process to November 21, 2011.

\* \* \*

Accordingly, it is ORDERED that plaintiff Tina Boyd's motion, orally made on November 15, 2011, to extend the time for service of process until November 21, 2011, is granted.

DONE, this the 8th day of December, 2011.

                         /s/ Myron H. Thompson  
                         UNITED STATES DISTRICT JUDGE