IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

TINA BOYD,                      )
                                )
    Plaintiff,                  )
                                )        CIVIL ACTION NO.
    v.                          )         2:11cv748-MHT
                                )            (WO)
KOCH FOODS OF ALABAMA, LLC,     )
et al.,                         )
                                )
    Defendants.                 )

OPINION AND ORDER

This cause is now before the court on Tarsha Hunter's

motion to intervene under Federal Rule of Civil Procedure

24.  Plaintiff Tina Boyd and Hunter both assert various

employment-discrimination claims against defendants Koch

Foods of Alabama, LLC, Koch Foods, Inc., and David

Burchfield.  Hunter, however, premises her intervention

motion on her and Boyd's shared allegations of the

defendants' civil violations under the Racketeer

Influenced and Corrupt Organizations Act ("RICO"), 18

U.S.C. §§ 1962(c) & 1964(c).  Specifically, Boyd and

Hunter claim that the defendants caused direct injury to

their business interests by knowingly employing undocumented immigrants at their poultry factory.

For the reasons that follow, Hunter's motion will be denied to the extent she seeks intervention as of right, but will be granted to the extent she seeks permissive intervention.


## I. Intervention as of Right

A party seeking to intervene as of right under Rule 24(a)(2) must satisfy the following requirements: (1) the motion to intervene is timely; (2) the interest asserted must relate to the property or transaction which is the subject of the action; (3) the applicant must be so situated that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest; and (4) the interest asserted must be represented inadequately by the existing parties to the suit. Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th

Cir. 1989).   Intervention as of right is proper only if all four requirements have been established.

The requirement that an intervenor is inadequately represented by existing parties "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal."   Trbovich v. United Mine Workers of America, 404 U.S. 528, 538 n.10 (1972). "However 'minimal' this burden may be, it cannot be treated as so minimal as to write the requirement out of the rule."   Bush v. Viterna, 740 F.2d 350, 355 (5th Cir. 1984).   "There is a presumption of adequate representation when an existing party seeks the same objectives as the interveners."   Stone v. First Union Corp., 371 F.3d 1305, 1311 (11th Cir. 2004).

Hunter contends that her interest in conducting business transactions free of civil RICO violations is inadequately represented by Boyd.   The court agrees that

Hunter's interest is the same as Boyd's.   Thus, a presumption of adequate representation applies.

Hunter has failed to rebut that presumption with a showing of any potential divergence of interest or strategy.  In fact, Hunter and Boyd have colluded to argue that Hunter's attorney would provide better representation than Boyd's counsel would.   Boyd's attorney attached a submission to Hunter's intervention brief, consenting to the intervention because it would "assist, protect and enhance Boyd's interests regarding her RICO claims against the Defendants, in that Hunter's counsel, The Frederick Firm, has extensive experience with issues that arise from an employer's employment of illegal aliens in general and extensive experience in particular as to the RICO claims [alleged] here."  Boyd Submission (Doc. No. 60-1), at 2. In turn, Hunter contends that Boyd's attorney "does not have the extensive experience that Hunter's counsel" has with these issues.  Intervention Brief (Doc. No. 60), at 5.   According to Hunter, this lack of "extensive

4

experience" means that her interests are inadequately represented under Rule 24(a)(2).

While adequacy of counsel may be a factor in certification of a class action, see Lyons v. Georgia-Pacific Corp. Salaried Employees Retirement Plan, 221 F.3d 1235, 1253 (11th Cir. 2000), such a requirement is alien to the Rule 24 inquiry.[1]  Courts grant intervention when a party has multiple objectives or a litigation strategy different from those of the intervenor.  See, e.g., Stone, 371 F.3d at 1311 (finding inadequate representation because the defendant's discriminatory conduct may have differed between plaintiff and intervenor). By contrast,

---

1.  The court recognizes that the adequacy-of-representation language of Rule 24 and that of Federal Rule of Civil Procedure 23 mirror one another. Nevertheless, the issues animating the Rule 23 adequacy-of-representation analysis for class actions differ from those in the Rule 24 context in significant ways.  Under Rule 23, the court must conduct an inquiry into the competency of class counsel.  See Fed. R. Civ. P. 23(g). Class actions also raise due-process concerns because a final judgment may bind non-participating class members. See generally Phillips Petroleum Co. v. Shutts, 472 U.S. 797 (1985).  Thus, under Rule 24(a)(2), the court sees no need to compare the relative expertise of counsel in conducting an adequacy-of-representation inquiry.

courts routinely deny intervention on an adequacy-of-representation ground when there is a convergence of interest.  See, e.g., United States v. City of Miami, 278 F.3d 1174, 1178-79 (11th Cir. 2002) (finding that the United States of America's interest in the litigation was identical to a police officer's association); Athens Lumber Co. v. FEC, 690 F.2d 1364, 1367 (11th Cir. 1982) (denying intervention because a union and the defendant "both have precisely the same objective").

Precedent makes clear that the adequacy-of-representation analysis hinges on whether interests diverge, not whether the plaintiff and intervenor believe that one party's attorney is more skilled in an area of law.  If Boyd and Hunter's reading of Rule 24(a)(2) were correct, any consenting party could nullify the adequacy-of-representation prong by stating that the intervenor's attorney was more experienced or had better resources.

Because Hunter's interests are adequately represented by Boyd, the court finds intervention under Rule 24(a)(2) inappropriate.

## II.  Permissive Intervention

Hunter also seeks to intervene as a matter of the court's discretion pursuant to Rule 24(b)(1)(B).  The court may grant permissive intervention if the applicant can demonstrate that (1) the application to intervene is timely and (2) the claim asserted and the main action have a question of law or fact in common.  Chiles, 865 F.2d at 1213. Additionally, the court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  Permissive intervention "lies within the discretion of the district court."  Athens Lumber, 690 F.2d at 1367.

Here, Hunter's motion to intervene is timely.  Hunter filed her motion to intervene on the same day as Boyd

7

filed her second amended complaint. Although Boyd's second amended complaint comes a year after the case was initiated, this court granted the amendment and permitted Boyd to correct service of process. <u>Boyd v. Koch Foods of Alabama, LLC</u>, 2011 WL 6141064 (M.D. Ala. Dec. 8, 2011). Moreover, Boyd's second amended complaint was the first pleading to raise the civil RICO allegations.

Hunter's claims share common questions of law and fact with Boyd's suit: the same practice of hiring undocumented aliens at the defendants' Montgomery poultry facility. Indeed, the defendants concede that: The "Intervenor Complaint alleges the exact same RICO allegations as Plaintiff's Renewed First Amended Complaint. The only difference is the substitution of Intervenor's name for Plaintiff's name." Opposition to Motion to Intervene (Doc. No. 59), at 5 (internal citations omitted).[2]

_____

2. While Koch raises concerns about the plausibility of the intervenor complaint, these issues are best resolved with a Rule 12(b)(6) motion to dismiss, not at the motion-to-intervene stage.

Finally, neither party will be prejudiced by Hunter's intervention.  Boyd has consented to the intervention, alleviating any concerns raised by the defendants about Boyd's involvement in Hunter's employment-discrimination claim.  As the civil RICO claims are only now commencing, the defendants have not been prejudiced by an additional plaintiff raising nearly identical claims.  Given that Hunter could file her own independent lawsuit, judicial economy strongly favors granting permissive intervention.

\* \* \*

Accordingly, it is ORDERED Tarsha Hunter's motion to intervene (Doc. No. 47) is granted pursuant to Fed. R. Civ. P. 24(b)(1)(B).

DONE, this the 10th day of January, 2012.

      /s/ Myron H. Thompson
      UNITED STATES DISTRICT JUDGE