IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TINA BOYD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KOCH FOODS OF ALABAMA, )<br>LLC, )<br>)<br>Defendant. ) | CASE NO.: 2:11-cv-00748-MHT |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AS TO INTERVENER PLAINTIFF TARSHA HUNTER'S CLAIMS**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants Koch Foods, Inc. ("Koch"); Koch Foods of Alabama, LLC; ("Koch-Ala"); and David Birchfield ("Birchfield") (referred to collectively as "Defendants") respectfully move this Court for an Order granting summary judgment in their favor as to all counts in Intervener Plaintiff Tarsha Hunter's ("Hunter" or "Plaintiff") Complaint (the "Complaint"). (Doc. 76). No genuine issue of material fact exists and Defendants are entitled to judgment as a matter of law on all claims in Hunter's Complaint. In support of this Motion, Defendant shows the Court as follows:

1. Hunter claims arise from her termination of employment with Koch-Ala. Counts I, II, and III of Hunter's Complaint assert claims against all

Defendants under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO").  Counts IV – VI are for claims entitled "Felonious Torts" and arise out of the alleged acts that form the RICO claims. Hunter's Complaint also alleges violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Equal Pay Act ("EPA").  Hunter's Title VII and EPA claims are only asserted against Koch-Ala.

2. Hunter's RICO claims are premised upon her allegations that Koch-Ala hired illegal aliens. Hunter's RICO fail as a matter of law because (a) no evidence exists of any enterprise or conspiracy between Koch-Ala, Koch, and Birchfield to hire illegal aliens; (b) Hunter's "facts" of the hiring of illegal aliens are insufficient to establish a RICO claim; (c) Hunter cannot demonstrate that her injury (her discharge from employment) was proximately caused by the alleged predicate acts, and thus she has no standing; and (d) Hunter has no evidence to demonstrate the requisite elements of the predicate acts that allegedly form the RICO violation.

3. Summary judgment is also due to be granted in Koch-Ala's favor as to Hunter's Title VII and EPA claims.  Hunter's discriminatory discharge claims cannot survive summary judgment as the undisputed material facts show Hunter was replaced by another female employee, and no male employee engaged in similar conduct and was not discharged.

4. Hunter's Title VII and EPA pay claims also fail as Hunter has failed to present substantial evidence that a higher-paid male employee had an equal or substantially similar job requiring equal skill, effort, and responsibility.

5. Hunter's retaliation claims under Title VII and the EPA are due to be dismissed because: (1) Hunter has failed to present substantial evidence she engaged in protected conduct for purposes of the Title VII or the EPA; (2) even if Hunter engaged in protected conduct, which she did not, there is insufficient temporal proximity between any alleged protected conduct and her termination to establish causation; and (3) Hunter cannot demonstrate by substantial evidence the decisionmaker was aware of her alleged protected conduct.

6. Hunter's felonious tort claims are also due to be dismissed as no cognizable cause of action exists under Alabama law for these claims.

7. Defendants rely upon their Memorandum of Law and Evidentiary Submission in Support of Summary Judgment filed simultaneously with the filing of this Motion.

WHEREFORE, Defendants requests that this motion for summary judgment be granted, and this action be dismissed with prejudice with costs taxed against Hunter.

                                                          <u>s/Wesley C. Redmond</u>
                                                          WESLEY C. REDMOND
                                                          ASB-3666-D30W
                                                          RACHEL E. VANNORTWICK
                                                          ASB-4082-H67V
                                                          Attorneys for Defendants

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, PC
Wells Fargo Tower
420 North 20th Street, Suite 1600
Birmingham, AL 35203
(205)328-0480 Telephone
(205)322-8007 Facsimile

**Certificate of Service**

      I certify that the foregoing has been served upon the following counsel of record by electronic mail or by depositing a copy thereof in the United States mail, properly addressed and postage-prepaid, this August 6, 2012:

Ms. Alicia K. Haynes
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, Alabama 35226
Email: akhaynes@haynes-haynes.com

Mr. Barry Frederick
Ms. Brandi B. Frederick
The Frederick Firm
5409 Trace Ridge Lane
Birmingham, Alabama 35244
Email: Barry@frederickfirm.net
Email: Brandi@frederickfirm.net

Ms. Heather Newsom Leonard
Heather Leonard, P.C.
P.O. Box 43768
Birmingham, Alabama 35243

Email: Heather@HeatherLeonardPC.com

Mr. Richard E. Trewhella, Jr.
Carr Allison
100 Vestavia Parkway
Birmingham, Alabama 35216
Email: rtrewhella@carrallison.com

Mr. Warren B. Lightfoot
Maynard, Cooper & Gale, P.C.
2400 Regions/Harbert Plaza
1901 6th Avenue North
Birmingham, Alabama 35203-2618
Email: wlightfoot@lightfootlaw.com

                                  s/Wesley C. Redmond
                                  Of Counsel