IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **TINA BOYD** | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | 2:11-CV-00748-MHT |
| **KOCH FOODS OF** | ) | |
| **ALABAMA, LLC,** | ) | |
| **KOCH FOODS, INC., AND** | ) | |
| **DAVID BIRCHFIELD,** | ) | |
| | ) | |
| Defendants. | ) | |

_____

**PLAINTIFF BOYD'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTIONS TO DISMISS 42 U.S.C. §1981
FAILURE TO PROMOTE CLAIM BASED ON
THE STATUTE OF LIMITATIONS**
_____

Defendants Koch Foods of Alabama, LLC ("Koch-Ala"), Koch Foods, Inc. ("Koch") and David Birchfield ("Birchfield") have filed a motion to dismiss Plaintiff Tina Boyd's ("Boyd") Failure to Promote claim brought pursuant to 42 U.S.C. § 1981 on the grounds of the statute of limitations. (Doc. 94). Defendants repeat these arguments in the memoranda in support of their motions for summary judgment. (Doc. 132, pp. 29-35).[1] Plaintiff Boyd opposes this motion for the reasons set forth

---

[1] Because the arguments set forth in Doc. 94, Doc. 132, and Doc. 149 are identical on this issue, Plaintiff will only reference the most recent document when referring to Defendant's arguments.

1

in this memorandum.

## I.  STATEMENT OF PROCEEDINGS

Boyd began this action on August 31, 2010, by filing a *pro se* Complaint in the United States District Court for the Eastern District of North Carolina. Boyd relied upon the form prepared for *pro se* Title VII litigants by the Eastern District of North Carolina.[2] As Defendants concede, Boyd checked the box marked "Failure to promote me" on this form. Other "acts complained of" include termination, retaliation, harassment, and disability. (Doc. 1, p. 2). This Complaint arose out of a charge of discrimination which Boyd filed with the EEOC. Boyd attached a copy of Charge No. 420-2010-01281 (and its accompanying notice of right to sue) to her *pro* se Complaint. (Doc. 1, pp. 6-8).

Boyd had previously approached the EEOC on June 18, 2009. She had completed an Intake Questionnaire and been assigned charge number 420-2009-02551 at that time. (Doc. 131-4, p. 137) *et seq.* Attached to this Intake Questionnaire was a lengthy narrative responding to the various paragraphs of the Questionnaire. (*Id.*, at pp. 142-149; Doc. 131-5, pp. 1-43). Included in this narrative is the assertion that she was denied a promotion because of her race. (Doc. 131-4, p. 142).

The Intake Questionnaire submitted by Boyd contains the following language

---

[2] Pro Se Litigants/Representing Yourself http://www.nced.uscourts.gov/prose/Default.aspx.

on the penultimate page: "Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire." (Doc. 131-4, p. 140). Boyd checked Box 1 which reads: "I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, or retaliation for opposing discrimination." (Doc. 131-4, p. 140). Boyd signed the Questionnaire on 6-17-09. (Doc. 131-4, p. 141). This Questionnaire qualifies as a charge of discrimination. *Cf. Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008).

In Plaintiff's subsequent Amended Complaints she expanded upon her "Failure to Promote" allegation to include the claim that Defendants violated § 1981 (as well as Title VII) when it failed to promote her to the position awarded to Defendant Birchfield. (Doc. 46, p. 21; Doc. 121-1, p. 21).

Defendants argue that Boyd's § 1981 failure to promote claim should be dismissed because it is untimely. According to Defendant, Boyd did not assert this claim until her Amended Complaint, filed November 21, 2011. Because Birchfield was awarded the position in question in August 2009, so goes the argument, Boyd's

claim is untimely when measured against the two-year statute of limitations applicable to such claims. (Doc. 132, pp. 29-30).

Defendant further argues that Boyd's § 1981 failure to promote claim does not arise out of the same facts and occurrences alleged in Boyd's original Complaint, (Doc. 132, p. 31), and that Boyd's Amended Complaints cannot relate back to the date of her original Complaint (either because that Complaint was untimely under Title VII or her *pro se* Complaint failed to meet the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), (Doc. 132, pp. 32-34). Defendants' arguments are not well taken and their motion to dismiss based upon the statute of limitations should be denied.

## II. ARGUMENT

### A. Defendants Are Judicially Estopped From Arguing That The Alabama Two-Year Statute Of Limitations Applies To § 1981 Failure To Promote Claims.

Defendants argue that in 2006 and 2010 the Eleventh Circuit Court of Appeals concluded that failure to promote claims brought pursuant to § 1981 were subject to Alabama's two-year statute of limitations for personal injury torts. (Doc. 132, p. 34) (citing *Price v. M & H Valve Co.*, 177 Fed. Appx 1 (11th Cir. 2006) and *Saunders v. Emory Healthcare, Inc.*, 360 Fed. Appx. 110 (11th Cir. 2010). But this is contrary to the position Defendants took one year ago.

In a previous Motion to Dismiss, Doc. 24, Defendant Koch-Ala acknowledged that Plaintiff's original Complaint contained allegations that she was not promoted and terminated due to discrimination. (Doc. 24, p. 12). Defendant was seeking, through that earlier motion, to have Boyd's Complaint dismissed with prejudice. (*Id.* at p. 14). On November 19, 2011, Defendant Koch-Ala. filed a Supplemental Memorandum of Law in Support of Its Motion To Dismiss All Counts Of Plaintiff's First Amended Complaint. (Doc. 44). In the body of this Supplemental Memorandum, (Doc. 44, p. 6 n. 1), Defendant Koch-Ala makes the following statement: "It is important to note that the statute of limitations would not bar a refiling of all of Boyd's claims. Boyd has asserted claims under 42 U.S.C. § 1981 which has a four (4) year statute of limitations. Thus, if this Court were to dismiss Boyd's Amended Complaint against Koch Foods without prejudice, Boyd could potentially refile her § 1981 claims." Aware that Boyd was pursing a race-based failure to promote claim, and also aware that relevant and controlling case authority would bar any refiling of Boyd's § 1981 failure to promote claim, Defendant changed its prayer for relief and asked that Boyd's Complaint be dismissed "without prejudice," (Doc. 44, p. 7), knowing full well that any such dismissal would, in effect, bar any subsequent refiling by Boyd on that claim.

This Court relied upon Defendant's statement of the relevant law in ruling on Plaintiff's oral motion to extend the time for service of process. (Doc. 58, p. 7) "Koch also notes that, while Boyd's Title VII claims are likely time-barred, she could re-file her § 1981 claims, which has a four-year statute of limitations.

Statute of limitations are subject to equitable considerations, such as judicial estoppel. Judicial estoppel "is a technical rule . . . directed against those who would *attempt to manipulate* the court system through the *calculated* assertion of divergent sworn positions in judicial proceedings. . . . [T]he rule looks toward cold manipulation and not an unthinking or confused blunder . . ." *Johnson Service Co. v. Transamerica Insurance Co.*, 485 F.2d 164, 175 (5th Cir. 1973)(emphasis added)(citation omitted).[3] It is designed to prevent parties from making a mockery of justice by inconsistent pleadings." *McKinnon v. Blue Cross & Blue Shield of Ala.*, 935 F.2d 1187, 1192 (11th Cir. 1991). As the Supreme Court noted, in *New Hampshire v. Maine*, 532 U.S. 742, 749 - 750 (2001): "[I]ts purpose is 'to protect the integrity of the judicial process,' *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598 (C.A.6 1982), by 'prohibiting parties from deliberately changing positions according to the exigencies of the moment,' *United States v. McCaskey*, 9 F.3d 368, 378 (C.A.

---

[3] The Eleventh Circuit, in the *en banc* decision, *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

5 1993). See, *In re Cassidy*, 892 F.2d 637, 641 (C.A. 7 1990) ('Judicial estoppel is a doctrine intended to prevent the perversion of the judicial process.'); *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1166 (C.A. 4 1982) (judicial estoppel 'protect[s] the essential integrity of the judicial process'); *Scarano v. Central R. Co.*, 203 F.2d 510, 513 (C.A.3 1953) (judicial estoppel prevents parties from 'playing "fast and loose with the courts"' (quoting *Stretch v. Watson*, 6 N.J. Super. 456, 469, 69 A.2d 596, 603 (1949)))." The rule forbids use of "intentional self-contradiction . . . as a means of obtaining unfair advantage." *Scarano*, 203 F.2d, at 513.

This case calls for the application of judicial estoppel to prohibit Defendants from asserting anything but a four-year statute of limitations to Plaintiff Boyd's § 1981 claims. Defendants deliberately misstated the relevant law applicable to § 1981 failure to promote claims in an effort to convince this Court to dismiss Boyd's Complaint "without prejudice," knowing that it could later assert the two-year statute of limitations should Boyd seek to refile her Complaint. This was not an unthinking or confused blunder on the part of Defendant. It was a calculated attempt to manipulate the court system through the assertion of a legal position which Defendants knew or should have known was not correct, in the hopes of gaining an unfair advantage over the Plaintiff.

Because the position being advocated by Defendants in this motion is contrary to the position which it earlier advocated in this very case, its present motion to dismiss should be denied.

> B. Boyd's Promotion Claim Arises Out Of The Same Facts And Occurrences Alleged In Her *Pro Se* Complaint.

Plaintiff Boyd's failure to promote claim is timely even without the application of judicial estoppel.  As Defendants note in their Memorandum, Boyd's § 1981 failure to promote claim is timely if it relates back to her original *pro se* Complaint. (Doc. 132, p. 30).  There is no question but that Boyd, in her original Complaint, checked the "failure to promote" box.  (Doc. 1, p. 2).  Further, the documents submitted by Boyd to the EEOC establish that the promotion about which she was complaining is the Complex Human Resources position that was filled by Birchfield. (Doc. 131-5, pp. 20) (e-mail, dated March 26, 2009, expressing interest in the Complex Human Resources position) through 22; (Doc. 46, ¶ 16).  Indeed, this is the only promotion which Boyd mentions in the 50-some page attachment to her Intake Questionnaire.  Not only does Boyd's § 1981 failure to promote claim arise from the same set of facts, it is identical to the claim which she raised before the EEOC and intended to include in her original *pro se* Complaint.

Plaintiff's subsequent Complaints alleging her § 1981 failure to promote claim concerning the Birchfield promotion relate back to Boyd's original filing. Because Boyd's original Complaint was filed within two years of Birchfield being promoted, her § 1981 failure to promote claim is timely.

    C.    The *Twombly* And *Iqbal* Standards Do Not Apply To Boyd's *Pro Se* Complaint.

Defendants argue that Boyd's subsequent amended complaints cannot relate back to the date of her original *pro se* Complaint because that Complaint fails to meet the standards set forth by the Supreme Court in *Twombly* and *Iqbal*. Defendants are mistaken.

Slightly more than two weeks after its decision in *Twombly* the Supreme Court decided *Erickson v. Pardus*, 551 U.S. 89 (2007). The plaintiff in *Erickson* alleged in his *pro se* complaint violations of his Eighth and Fourteenth Amendment protections against cruel and unusual punishment after prison officials discontinued his treatment for hepatitis C. The district court dismissed his complaint and the Tenth Circuit affirmed, finding that plaintiff's allegations were too conclusory to establish that stopping his treatment caused him any harm. *Erickson v. Pardus*, 198 Fed. Appx. 694, 701 (10th Cir. 2006). The Supreme Court, in a *per curiam* opinion, granted certiorari, vacated the judgment of the Court of Appeals, and remanded the case for

further proceedings.  *Erickson*, 551 U.S. at 94-95.

While the Court in *Erickson* does cite to *Twombly*, it does so for a proposition which is at odds with the general thrust of that opinion - in order to meet the requirements of Federal Rule of Civil Procedure 8(a)(2), "specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 555, 127 S.Ct.  1955, 167 L.Ed.2d 929 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))"  *Erickson* also fails to mention *Twombly*'s plausibility requirement.  The word "plausible" or "plausibility" appears 15 times in *Twombly*.  It does not appear once in *Erickson*.

But the Court did not stop there.  The Court went on to note that the "Court of Appeal's departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel.  A document filed *pro se* is "to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal citations omitted).

Consequently, it would be error to apply the *Twombly* and *Iqbal* standards to Plaintiff Boyd's original *pro se* Complaint in this case.  This is particular so in light

10

of the fact that Boyd utilized a *pro se* form complaint, provided by the United States District Court for the Eastern District of North Carolina, when she filed her Complaint. Certainly she had every right to assume that a form, provided by a federal court to be used for pursuing her rights under Title VII of the Civil Rights Act of 1964, would be sufficient, under the law.

Plaintiff's original Complaint was not defective because it did not meet the heightened pleading standard articulated by Defendants in their memorandum.

D.  Boyd's Original Complaint Was Not Untimely.

Finally, Defendants assert that Boyd's subsequent complaints cannot relate back to her original complaint because it was untimely. Defendants provide no particularized factual support for his argument in their memorandum in support of summary judgment, (Doc. 132, pp. 33-34), but rely, instead, on a discussion of other cases which have held that a Title VII complaint, filed more than 90 days after the receipt of a notice of right to sue, is untimely, and therefore a nullity. But Plaintiff's original Complaint was timely filed.

In paragraph 11 of her original Complaint, Doc. 1, Boyd states that she received her notice of right to sue on June 5, 2010. Her Complaint was filed on August 31, 2010, 88 days after receipt of the right to sue. It was not untimely and, therefore, all subsequent complaints relate back to that Complaint.

In Defendant's original motion to dismiss, Doc. 94, Defendant argues that Boyd's original Complaint is a nullity because she failed to file a timely charge within 180 days of the allegedly discriminatory promotion. (Doc. 94, p. 12). This, too, is in error.

As discussed above, pp. 2-3, Boyd filed an Intake Questionnaire, the equivalent of a charge, with the EEOC on June 18, 2009, soon after she learned that Birchfield would be receiving the promotion which she sought. This questionnaire was assigned EEOC Charge No. 420-2009-02551. The information from this charge was later integrated into EEOC charge file No. 420-2010-01281, upon which she later received her notice of right to sue. The EEOC never dismissed her earlier charge and never issued a separate notice of right to sue on it.

Consequently, Boyd filed a timely charge with the EEOC challenging her denial of the promotion which went to Birchfield.

## III. CONCLUSION

Defendants arguments in support of their motions to dismiss Plaintiff Boyd's § 1981 failure to promote claim are valid, legally and equitably. The motions should be denied and Defendants should be estopped from arguing that anything other than a four-year statute of limitations applies to Plaintiff's § 1981 failure to promote claim.

Respectfully submitted,


/s/ Alicia K. Haynes
Alicia K. Haynes
Attorney for Plaintiff

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama   35226
Phone:  (205) 879-0377
Fax:  (205) 879-3572
E-mail:  akhaynes@haynes-haynes.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of September, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.


Wesley Clyde Redmond, Esq.
Rachel VanNortwick, Esq.
**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ PC**
Wachovia Tower
420 North 20th Street, Suite 1600
Birmingham, AL 35203-5202

Heather Newsom Leonard
**HEATHER LEONARD, P.C.**
P.O. Box 43768
Birmingham, Alabama 35243


Barry V. Frederick
Brandi B. Frederick
**THE FREDERICK FIRM**
The Frederick Firm
5409 Trace Ridge Lane
Birmingham, Alabama 35244


/s/ Alicia K. Haynes
OF COUNSEL